** Summary **
DISBURSEMENT OF FUNDS APPROPRIATED FOR CIVIL DEFENSE PURPOSES The approval of the Board of County Commissioners of claims against this special fund is not required. The Attorney General is not authorized to approve or disapprove of the procedure of disbursing said funds for the reason that this is in the sole discretion of the State Civil Defense Director. There is no specific statutory authority specifically allowing county civil defense personnel to be reimbursed for traveling expenses. Title 74 O.S. 500.2 [74-500.2] (1972) authorizes persons who are not state employees but who perform substantial and necessary services for the State of Oklahoma to be reimbursed for expenses incurred during authorized official travel. This is to acknowledge receipt of your letter wherein you ask the following questions: 1. Does the Attorney General approve the method of disbursement as prescribed in Bulletin No. 71-13? 2. If your answer is in the negative, should the claims be approved by the Board of County Commissioners? 3. Are such persons entitled to reimbursement for travel expense, and if so how and at what rate should such travel expense be computed? With reference to the first two questions, you stated that on January 29, 1963, your office prescribed a procedure that should be followed. Such procedure was again adopted and transmitted on April 7, 1971, by State Examiner and Inspector Bulletin No. 71-13, a copy of which was enclosed. The method adopted as set forth in Bulletin 71-13 was approved by the State Civil Defense Director in accordance with 63 O.S. 683.17 [63-683.17](d) (1971), the method is summarized as follows: When the county makes an appropriation within the General Fund for civil defense purposes, the local civil defense director should file a claim for this amount with the county commissioners, and when received, it should be deposited with the County Treasurer and merged with other civil defense funds in a Special Cash General Ledger Account. The Director of Civil Defense then approves claims against this account, files the claims with the County Clerk, and the County Clerk issues cash voucher warrants drawn upon the Special Fund Account with the County Treasurer. In considering your first two questions, the main issue involved is whether or not a claim against the Special Civil Defense Fund is in fact a claim against the county, and therefore, subject to the approval of the county commissioners. Title 19 O.S. 131 [19-131] (1971) enumerates the county officers. It should be noted that a county civil defense director is not listed as a county officer. It should also be noted that although the funds are deposited with the County Treasurer, these funds may, and often do, come from sources other than, and in addition to, county appropriations. A claim against this special fund in custody of the County Treasurer is not a claim against the county as such, and therefore, the approval of the county commissioners is not required. By comparison, a fund designated "The Court Fund" is set up with the County Treasurer, and all fees, fines and forfeitures collected by the Court Clerk are deposited in this fund. Claims against this fund are paid after approval of the claims by the District Judge and either the local Court Clerk or Associate District Judge. It should be noted that these claims are not claims against the County as such, and therefore, the approval of the county commissioners is not required. Title 63 O.S. 683.17 [63-683.17](d) (1971) authorizes the State Examiner and Inspector to prescribe forms for expenditures of said funds. This same section also authorizes the State Civil Defense Director to prescribe procedures for the expenditure of said funds. It is, therefore, the opinion of the Attorney General that your first two questions be answered as follows: The approval of the Board of County Commissioners of claims against this special fund is not required. The Attorney General is not authorized to approve or disapprove of the procedure of disbursing said funds for the reason that this is in the sole discretion of the State Civil Defense Director. With reference to your third question, there is no specific statutory authority for county civil defense personnel to be reimbursed for traveling expenses. However, Title 74 O.S. 500.2 [74-500.2] (1972) provides for persons who are not state employees to be reimbursed for expenses incurred during authorized official travel on behalf of the State of Oklahoma. This particular section states in part: ". . . Persons who are not state employees, but who are performing substantial and necessary services to the State of Oklahoma, may be reimbursed for expenses incurred during authorized official travel under these same statutory provisions, . . ." Whether or not a person is performing substantial and necessary services to the State of Oklahoma is a fact question to be decided upon the particular circumstances involved. It is, therefore, the opinion of the Attorney General that your third question be answered as follows: There is no specific statutory authority specifically allowing county civil defense personnel to be reimbursed for traveling expenses. Title 74 O.S. 500.2 [74-500.2] (1972) authorizes persons who are not state employees but who perform substantial and necessary services for the State of Oklahoma to be reimbursed for expenses incurred during authorized official travel. (Todd Markum)